FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 SEP -8 A 11: 40

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

APRIL ADEMILUYI,

    Plaintiff,

v.

NATIONAL BAR ASSOCIATION, ET AL.,

    Defendants.

Case No.: GJH-15-02947

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

In this action, Plaintiff April Ademiluyi has alleged counts of negligence, intentional infliction of emotional distress, and conspiracy against Defendants National Bar Association ("NBA"), Daryl Parks, and Benjamin Crump. Presently pending before the Court is the NBA's Motion to Dismiss for Failure to State a Claim or in the Alternative, for Improper Venue, ECF No. 24, and Mr. Parks' Motion to Dismiss for Failure to State a Claim or in the Alternative, for Improper Venue, ECF No. 25.[1] A hearing on the Motions is not necessary. *See* Loc. R. 105.6 (D. Md.). For the reasons stated below, the Court will deny Defendants' Motion to Dismiss but grant Defendants' alternative request to transfer this action to the Middle District of Florida.

### I.    BACKGROUND

This case arises out of events allegedly occurring in Tampa, Florida, in April 2012. ECF No. 19 ¶ 2.[2] Ms. Ademiluyi is a resident of Maryland, where she practices as an attorney. *Id.* ¶ 5. Mr. Parks and Mr. Crump are both residents of Florida and also practice as attorneys in

---

[1] Also presently pending are Defendant Daryl Parks' Motion to Strike Portions of Plaintiff's Amended Complaint, ECF No. 26, and Plaintiff's Motion to Disqualify Counsel, ECF No. 15. Because the Court grants Defendants' request to transfer, ECF Nos. 26 and 15 are denied as moot.

[2] All facts herein are taken from Plaintiff's Second Amended Complaint, ECF No. 19.

Tallahassee, Florida. *Id.* ¶ 9. The National Bar Association is a national network and civil rights organization for predominantly African-American attorneys and judges. ECF No. 24 at 2.[3] At all times relevant to the action, Mr. Parks and Mr. Crump held leadership positions with the NBA. ECF No. 19 ¶¶ 8-9. The NBA is headquartered in Washington, DC, "conducts business in virtually every state and Washington DC," and has a Maryland affiliate chapter. ECF No. 19 ¶ 7.

On April 19-21, 2012, Ms. Ademiluyi attended the NBA's Mid-Year Conference held at the Hyatt Regency Hotel in Tampa, Florida. *Id.* ¶ 22. Ms. Ademiluyi was a guest at a private party hosted in Mr. Parks' hotel suite during one evening of the conference. *Id.* ¶¶ 24-25. Ms. Ademiluyi alleges that while at the party, David Phillips, another attorney attending the NBA conference, drugged her with gamma-Hydroxybutyric acid ("GHB"), a date rape drug, and raped her in his hotel room. *Id.* ¶¶ 26-28. Ms. Ademiluyi visited an emergency room upon her return to Maryland, and notified the Tampa Police Department ("TPD") after toxicology testing revealed the presence of GHB. *Id.* ¶¶ 30-32. TPD did not bring criminal charges against Mr. Phillips. *See* ECF No. 24 at 3; ECF No. 19 ¶ 4. Ms. Ademiluyi filed suit in this Court against David Phillips in February 2014, but Judge Titus transferred the case to the District of Nevada. *See Ademiluyi v. Phillips*, Civil Action No. RWT-14-cv-0358, 2014 WL 1345295 (D. Md. Apr. 3, 2014). Ms. Ademiluyi later dismissed the case against Phillips on her own accord. ECF No. 27 at 13. In September 2015, Ms. Ademiluyi filed the instant suit against Defendants. ECF No. 1. Ms. Ademiluyi claims, *inter alia*, that Defendants were negligent in failing to provide safe premises for the convention and subsequently conspired with Florida public officials to cover up the incident alleged in her Complaint. ECF No. 19 at 11-16.

---

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

## II. STANDARD OF REVIEW

When an objection to venue is raised under Fed. R. Civ. P. 12(b)(3), the burden lies with the plaintiff to establish that venue is proper. *Jones v. Koons Auto. Inc.*, 752 F. Supp. 2d 670, 679 (D. Md. 2010). "To survive a motion to dismiss for improper venue when no evidentiary hearing is held, plaintiff need only make a prima facie showing of venue." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004). When considering a motion to dismiss, the court must draw all reasonable inferences and resolve all factual conflicts in plaintiff's favor. *See Essex Ins. Co. v. MDRB Corp.*, Civil Action No. DKC 2006-0326, 2006 WL 1892411, at *1 (D. Md. June 7, 2006).

## III. DISCUSSION

### A. Proper Venue

Defendants NBA and Parks challenge Plaintiff's allegation that venue is appropriate in the District of Maryland. ECF No. 24; ECF No. 25. A civil action may be properly brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). These three subsections are often respectively referred to as "residential venue," "transactional venue," and "fallback venue." 14D Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3804. The first two subsections define "preferred judicial districts" for venue, while the third subsection provides a "fallback option." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 134 S.Ct. 568, 578 (2013). Thus, "if no other venue is proper,

then venue will lie in any judicial district in which the any defendant is subject to the court's personal jurisdiction [under 1391(b)(3)]." *Id.*

Here, there is no basis to conclude, and Plaintiff does not allege, that Maryland is a proper venue under § 1391(b)(1). Defendants Parks and Crump are both residents of Florida and Defendant NBA is headquartered in Washington, DC. ECF No. 24 at 11; ECF No. 19 ¶¶ 7, 9. In her initial Complaint, Ms. Ademiluyi contends that venue is proper under § 1391(b)(3) because "this Court has personal jurisdiction over all defendants." ECF No. 1 ¶ 19. This argument fails because there *is* a district, Florida, in which an action may otherwise be brought, so an inquiry into personal jurisdiction under (b)(3) is not appropriate. *See Fitzpatrick v. Allyn*, Civil No. CCB-11-2202, 2012 WL 346634, at *3 (D. Md. Feb. 1, 2012).

Thus, the only potential basis for venue in Maryland is § 1391(b)(2). Pursuant to § 1391(b)(2), venue is proper in a judicial district in which a "*substantial* part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2) (emphasis added). Notably, the language of the statute does not provide that venue is proper where "any part" of the events giving rise to the claim, but a "substantial part." *See Celsion Corp. v. Stearns Management Corp.*, No. Civ. CCB-00-1214, 2001 WL 55456, at *4 (D. Md. Jan. 18, 2001). Thus, venue is proper when "many of the events and facts central to this case" are "anchored in Maryland." *Ciene Corp. v. Jarrard*, 203 F.3d 312, 318 (4th Cir. 2000). All of the key events in this case, including the alleged assault and conspiracy, took place in Tampa, Florida. ECF No. 19 ¶¶ 22-42. Ms. Ademiluyi was allegedly "drugged and raped" while attending a conference in Tampa, Florida. *Id.* ¶¶ 1-2. Ms. Ademiluyi reported the incident to the Tampa Police Department and subsequently communicated with TPD officials and the State Attorney's Office for Hillsborough County, Florida. *Id.* ¶¶ 32, 37-41. Ms. Ademiluyi also sought the assistance of Florida State

Senator Arthenia Joyner. *Id.* ¶ 42. Defendants Parks and Crump live and work in Florida, and their law firm is located in Tallahassee, Florida. *See id.* ¶¶ 8-9.

Ms. Ademiluyi's reliance on *Mitrano*, 377 F.3d 402, is unpersuasive. ECF No. 27 at 19. *Mitrano* dealt with a breach of contract action in which some, but not all, of plaintiff's legal work for defendant was conducted in the forum state. *Mitrano*, 377 F.3d at 406. Because the legal work entitled plaintiff to the payment sought in the breach of contract claim, the Fourth Circuit vacated the District Court's order dismissing the case for lack of venue. *Id.* Here, none of the relevant conduct occurred in Maryland. And despite Plaintiff's arguments to the contrary, her allegation that she has "felt all the injuries" from Defendants' torts in Maryland does not create venue in Maryland. ECF No. 27 at 19. "Venue cannot lie simply because a plaintiff continues to experience the psychological effects of an injury in a particular place." *McClintock v. School Bd. East Feliciana Parish*, 299 Fed. Appx. 363, 365 (5th Cir. 2008); *see also Miles v. Charles E. Smith Cos.*, 404 F. Supp. 467, 468-70 (D. Md. 1975) (holding transfer to Eastern District of Virginia was appropriate because alleged accident occurred in Virginia); *Massi v. Lomonaco*, C/A No. 0:10-265-CMC-PJG, 2010 WL 2429313 (D.S.C. May 25, 2010); Wright & Miller, *supra* § 3806. Indeed this logic was echoed in this Court's transfer of Ms. Ademiluyi's related action against David Phillips to the District of Nevada. *Ademiluyi*, 2014 WL 1345295, at *2 (noting that "under the Plaintiff's logic, if a tort is committed in one state, personal jurisdiction would be proper anywhere in the country where the person who suffered harm may travel."). In sum, venue is not proper in the District of Maryland.

### B. Transfer

"The district court of a district in which is filed a case laying venue in the *wrong division or district* shall dismiss, or if it be in the interest of justice, transfer such case to any district or

division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). Defendants argue that under Section 1406(a), "the Court should dismiss or transfer the case to a District in which it could be brought – in this case, to the Middle District of Florida." ECF No. 24 at 12; ECF No. 25 ¶ 22. The decision whether to dismiss or transfer is committed to the discretion of the trial court. *See Estate of Bank v. Swiss Valley Farms Co.*, 286 F. Supp. 2d 514, 521-22 (D. Md. 2003); *Government of Egypt Procurement Office v. M/V ROBERT E. LEE*, 216 F. Supp. 2d 468, 473 (D. Md. 2002). Transfer is proper under section 1406, for example, "when there is an obstacle-either incorrect venue, absence of personal jurisdiction, or both-to a prompt adjudication on the merits in the forum where originally brought." *Estate of Bank*, 286 F. Supp. 2d at 522 (citing *Dubin v. United States*, 380 F. 2d 813, 816 (5th Cir. 1967)). Transfer is authorized "for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district." *Porter v. Groat*, 840 F.2d 255, 258 (4th Cir. 1988). Even if plaintiffs make an "obvious error" in selecting Maryland as their forum, the district court is not required to grant a dismissal rather than a transfer. *Estate of Bank*, 286 F. Supp. 2d at 522. Transfer is preferable over dismissing, even when venue is improper for some, but not all defendants. *See Celsion*, 2001 WL 55456, at *4 (determining circumstances of case a good reason for consolidation and avoiding severance).

Dismissal, rather than transfer, may be appropriate in limited circumstances where the plaintiff is harassing the defendants or acting in bad faith or forum shopping. *See Government of Egypt*, 216 F. Supp. 2d at 473 (noting that transfer was appropriate over dismissal where there was no showing of bad faith or harassment on the part of the plaintiff); *Estate of Bank*, 286 F. Supp. 2d at 522 (finding transfer appropriate where plaintiff's forum choice did not constitute "obvious error" and defendant has not shown countervailing concerns in favor of dismissal).

Here, it is not clear that Ms. Ademiluyi made an obvious error in selecting her home state of Maryland as the forum for suit. Additionally, there is no evidence that Ms. Ademiluyi is harassing Defendants or acting in bad faith. Hence, transfer to the Middle District of Florida is the appropriate course of action rather than dismissal.

### C. Waiver and Section 1404 Considerations

Ms. Ademiluyi argues that Mr. Parks "is not entitled to raise venue . . . because he could have and failed to raise those defenses when first served with the first amended complaint." ECF No. 27 at 7. By contrast, Ms. Ademiluyi acknowledges that the NBA "properly asserted" the venue defense because it was raised in the NBA's first motion. *Id.*[4] Under Fed. R. Civ. P. 12(h)(1), a party waives certain defenses, including improper venue under 12(b)(3), by omitting the defense from an earlier motion when the defense was available to the party. *See* Fed. R. Civ. P. 12(g)(2). However, the right to proper venue is personal to each defendant. *See Vance Trucking Co. v. Canal Ins. Co.*, 338 F.2d 943, 944 (4th Cir. 1964); *Robert E. Lee & Co. v. Veatch*, 301 F.2d 434, 436 (4th Cir. 1961). Therefore, the right to raise venue defects is not waived as to Defendant NBA merely because Defendant Parks omitted the defense in his first pleading. And to the extent the Court has decided that this is not an appropriate venue for the NBA and is transferring those claims, it would be inefficient to leave the claims against Mr. Parks here and have the same case tried in different venues. *See Celsion*, 2001 WL 55456, at *4 ("Where venue is appropriate as to some defendants but not others, courts prefer transfer to an appropriate venue over severance of the case."); *Fitzgerald v. Vogel*, No. 02-7849, 2003 WL 203562, at *3 (E.D. Pa. Jan. 29, 2003) (finding that the goal of judicial economy is best served by a single action in a forum where venue is proper for all defendants).

---

[4] Defendant Crump has not specifically moved for dismissal based on improper venue, and the issue has not been addressed by either party. However, for the same reason the Court is transferring the claim as to Mr. Parks, the Court will transfer the claim against Mr. Crump.

Even assuming that Mr. Parks did waive his right to challenge venue under § 1406(a) by failing to object in the first pre-answer motion or responsive pleading, and that the Court were to decline to transfer his case for efficiency purposes after transferring a co-defendant, the Court could still transfer the claim against Mr. Parks under § 1404(a). Indeed, "nothing bars a court from granting a motion to transfer venue at a later stage in the case." *Jones v. Walgreen Co.*, 463 F. Supp. 2d 267, 271 (D. Conn. 2006). Under § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any other district or division to which all parties have consented." The purpose of § 1404(a) is to "prevent the waste of time, energy, and money" and to "protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Therefore, whether achieved under § 1406(a) or § 1404(a), the trial court has wide discretion in deciding whether to transfer.

The relevant factors of "convenience" and "interest of justice" a court should consider includes:

> (1) the plaintiff's choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws.

*Choice Hotels Int'l, Inc. v. Madison Three, Inc.*, 23 F. Supp. 2d 617, 622 n.4 (D. Md. 1998). It is not necessary to discuss these factors at length, as they clearly militate in favor of transferring

this action. Here, while it is Plaintiff's choice to litigate in her home state of Maryland, this does not end the inquiry. "Although a plaintiff's choice of forum is ordinarily accorded considerable weight, that weight is significantly lessened when none of the conduct complained of occurred in the forum selected by the plaintiff . . . ." *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002). In this case, as previously discussed, the alleged conduct occurred entirely in Florida; ECF No. 19 ¶¶ 22-42, the witnesses in this case, as Ms. Ademiluyi lists at length in her Complaint, almost all live in Florida; ECF No. 19 ¶¶ 8-17, the premises, the Hyatt Regency Hotel, is located in Tampa, Florida; ECF No. 19 ¶ 22, and the Middle District of Florida would have a significant interest in settling this localized controversy, as it involves allegations concerning government officials in Florida. Therefore, transfer in this case would be appropriate under either § 1404(a) or § 1406(a).

IV.   **CONCLUSION**

For the foregoing reasons, the Court will deny Defendants' Motion to Dismiss, but will grant the request of Defendants NBA and Mr. Parks to transfer venue of the case, as to all Defendants, to the Middle District of Florida. A separate Order follows.

Dated: September 8, 2016

GEORGE J. HAZEL
United States District Judge